IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE A. HOOVER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-402J |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,[1] | ) | |
| Defendant. | ) | |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 26th day of March, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 21) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 15) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on January 24, 2003, alleging disability beginning May 16, 2001, due to degenerative disc disease and depression.[2] Plaintiff subsequently amended her alleged onset date of disability to January 6, 2004. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on January 7, 2005, at which plaintiff appeared represented by counsel. On February 25, 2005, the ALJ issued a

---

[2]Plaintiff previously applied for DIB and SSI on December 18, 2001. Her applications were denied at all levels of the administrative review process, including after a hearing conducted by an ALJ. On December 11, 2002, the ALJ issued an adverse decision on plaintiff's prior applications. Plaintiff did not appeal that adverse decision to federal district court.



AO 72
(Rev. 8/82)

decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 19, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 55 years old at the time of the ALJ's decision and is classified as a person of advanced age under the regulations. 20 C.F.R. §§404.1563(e), 416.963(e). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a cashier, cleaning lady and waitress, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Specifically, the ALJ found that the medical evidence did not establish that plaintiff's degenerative changes in her lumbar spine and depression are severe impairments.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in



✎AO 72
(Rev. 8/82)

any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

Plaintiff argues that the ALJ erred in finding her not disabled at step 2 of the sequential evaluation process. Plaintiff first contends that, under the doctrine of res judicata, the ALJ was bound by the RFC Finding made in connection with the



AO 72
(Rev. 8/82)

prior decision on her first application for benefits. She next claims that the ALJ erred at step 2 by finding that the degenerative changes in her lumbar spine and depression are not severe impairments. Finally, plaintiff asserts that this case should be remanded because the Appeals Council failed to consider additional medical evidence which she submitted after the ALJ issued his decision.

Plaintiff's first argument, that res judicata bound the ALJ in this case to use the RFC Finding made in connection with the prior decision on her first application for benefits, lacks merit. In Carter v. Barnhart, 2005 WL 1249218 (3d Cir. May 26, 2005), the Third Circuit held that an earlier, more restrictive RFC Finding by a prior ALJ was not res judicata as to the RFC Finding of a subsequent ALJ in a subsequent application.[3] In so holding, the Third Circuit observed that the relief sought by the claimant was limited to a determination that he was disabled from July 1999, instead of May 1995 as alleged in his earlier application. Id., *2. Likewise, in this case, plaintiff's alleged onset date of disability was January 6, 2004, which was almost three years after the onset date of May 16, 2001 alleged in her previous application. Accordingly, the ALJ in the instant case was not bound by the RFC Finding made in connection with plaintiff's

[3]Although Carter is an unpublished Third Circuit decision, the principles set forth in that case nonetheless are persuasive authority here.



AO 72
(Rev. 8/82)

previous application.

Plaintiff next challenges the ALJ's finding that the degenerative changes in her back and depression are not severe impairments. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits the claimant's physical or mental ability to perform basic work activities.[4] 20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a).

The step 2 inquiry is a de minimis screening device to dispose of groundless claims. Newell, 347 F.3d at 546; Smolen, 80 F.3d at 1290. Social Security Ruling 85-28 clarifies that an

---

[4]Basic work activities include: physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6); 416.921(b)(1)-(6).



AO 72
(Rev. 8/82)

impairment can be found "not severe" only if the evidence establishes a slight abnormality which has no more than a minimal effect on an individual's ability to work. If the evidence indicates more than a "slight abnormality," the step 2 requirement of "severe" is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546; Smolen, 80 F.3d at 1290.

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that the degenerative changes in her back and depression are severe impairments. 20 C.F.R. §§404.1512(c), 416.912(c); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating that claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as she has not proffered evidence to indicate that her impairments present more than a minimal impact on her ability to perform basic work activities.

With respect to plaintiff's back problem, objective medical evidence indicates it is not a severe impairment. A September, 2002, lumbar spine X-ray (taken before plaintiff's alleged onset date) showed degenerative arthritic changes at L3-L4 and L4-L5, however the pedicles were intact and there was no evidence of fracture or subluxation. (R. 150). A lumbar spine X-ray taken in March 2004 showed little interval change since the previous study in September 2002, and there was no evidence of sponylolysis or



✎AO 72
(Rev. 8/82)

spondylolisthesis. (R. 398). Furthermore, the evidence indicates plaintiff last sought treatment with her primary care physician and her chiropractor in March, 2003, ten months before she alleged to have become disabled. After her alleged onset date, other than the March 2004, lumbar spine X-ray, there is no indication in the record that plaintiff sought treatment for her back impairment, much less that any treating source reported she has functional limitations as a result of back problems. Thus, the ALJ properly concluded plaintiff's back impairment is not severe.

Likewise, the ALJ correctly determined that plaintiff's depression is not a severe impairment. The record does not contain any evidence related to plaintiff's mental health dated after June 2003. Thus, there is no indication that plaintiff sought treatment for her depression after her alleged onset date of disability in January 2004. However, even the record evidence which pre-dates plaintiff's alleged onset date fails to establish that her depression is severe. Plaintiff's therapist indicated her symptoms had improved with counseling, (R. 379), her psychiatrist consistently reported that she was alert and oriented, and a consultative examiner reported she had a positive attitude, goal-directed thoughts, good concentration, fair abstract thinking, normal intelligence, intact memory, adequate judgment, adequate impulse control, good insight and good reliability. (R. 388). The consultative examiner also found that



✎AO 72
(Rev. 8/82)

plaintiff had good ability to perform most mental work-related activities. (R. 390-91).

In addition to all of the above, plaintiff's self-reported daily activities further confirm that her claimed impairments are not severe. Plaintiff reported that she cares for herself, as well as four pets. (R. 109). She cooks, vacuums, does laundry, watches television, reads the newspaper, dines out twice a month, visits her grandchildren and other family members, and is capable of driving. (R. 42-45, 110-111). Thus, plaintiff's daily activities, as well as the fact that she sought virtually no treatment for her back impairment or for her depression after her alleged onset date, indicate that the ALJ correctly found her impairments are not severe.

Plaintiff's final argument is that this case should be remanded because the Appeals Council failed to consider additional medical evidence consisting of an MRI report and a radiology report of her right shoulder which she submitted after the ALJ issued his decision. Plaintiff's argument lacks merit, as this court has no authority to review the actions of the Appeals Council in denying review.

As the Third Circuit explained in Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001), the standards for judicial review are governed by the Social Security Act. Pursuant to §405(g), a claimant who is unsuccessful in the administrative process may seek judicial

review of the final decision of the Commissioner denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision that the court is to review. Matthews, 239 F.3d at 592. As the Matthews court explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." Id. at 594.

Thus, to the extent plaintiff is requesting this court to review the Appeals Council's decision to deny review, this court has no statutory authority to do. Rather, it is the ALJ's decision, the final decision of the Commissioner, that is before the court for judicial review. As the MRI report and the radiology report of plaintiff's right shoulder were not presented to the ALJ, those documents may not be considered by this court in conducting its substantial evidence review. Id. at 594-95.

Furthermore, to the extent that plaintiff suggests that this case should be remanded to the Commissioner pursuant to sentence six of §405(g) for consideration of the two reports concerning her shoulder, she has not established that remand is appropriate. When a claimant seeks to rely on evidence that was not before the ALJ, the court may remand the case to the Commissioner if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. Matthews, 239 F.3d at 593.



✎AO 72
(Rev. 8/82)

Here, plaintiff has not demonstrated that a sentence six remand is warranted.

Evidence is considered "new" if it was not in existence or not available to the claimant at the time of the administrative proceeding. Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Although plaintiff in her reply brief argues that the reports concerning her shoulder could not have been presented to the ALJ prior to his adverse decision on February 25, 2005, because they did not exist until March 17, 2005, such an allegation does not satisfy the "new" requirement. Plaintiff could have obtained and provided the reports at any time prior to the ALJ's decision, yet she failed to so. Plaintiff's only explanation for failing to provide this evidence is that she receives medical assistance and it was "unlikely" that she had control over her medical treatment. If that was truly the case, plaintiff could have requested at the administrative hearing that the ALJ hold the record open until she underwent the tests and the reports in question were generated. However, plaintiff failed to do so.

Furthermore, the reports related to plaintiff's right shoulder are not material. Plaintiff alleged disability on the basis of degenerative changes in her back and depression. The record does not indicate that she claimed to be disabled based on a shoulder problem, thus the records in question do not shed any light on her disability claim based on back problems and



AO 72
(Rev. 8/82)

depression.

Finally, plaintiff has not demonstrated good cause for failing to timely submit the reports about her shoulder. She underwent testing on her shoulder on March 17, 2005, three weeks after the ALJ issued his decision, yet she submitted them to the Appeals Council on May 31, 2005, more than two months after she received the reports. Such behavior does not satisfy the good cause requirement, and a sentence six remand is not warranted in this case.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: J. Michael Mondok, Esq.
MidPenn Legal Services
232 East Pitt Street
Bedford, PA 15522

John J. Valkovci, Jr.
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901



AO 72
(Rev. 8/82)